**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Scott, Henry M.__  __50540-083__  __SH4__  __FORT DIX__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A - REASON FOR APPEAL**

I never seen a image of the phone in DHO, or DHO Report. 1. Officer, D. REGO was on a "ROGUE MISSION" of misconduct for not following protocol. 2. D. Rego stated, that i exit an unknown room when he know i exit room 348, the room which i live. The room right beside the room he push me in where he found the so call cell phone and charger in the wall charging. 3. I never ran from him. I was walking when he yelled down the hall really loud for me to stop, and he started running towards me. He only got my MP3 and head phones out of my pocket which he never stated. I was never charged with a 115, because i never Ran. He was on a ROGUE MISSION, he never said anything about the witnesses, the Female officer and the Male officer that breathalyz me, because he never did. Incident Report wrote must be complete. I never seen the phone! He violated P.S. 3420.09

__3-21-22__ DATE　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

　　　　DATE　　　　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　　　CASE NUMBER: _____

---

**Part C - RECEIPT**

　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

---

　　　　DATE　　　　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN　　　　　　PRINTED ON RECYCLED PAPER　　　　　　BP-230(13) JUNE 2002

3236

BP-A0304    **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

| | |
|---|---|
| Institution: **FORT DIX FCI** | Incident Report Number: **3588796** |
| NAME OF INMATE: **SCOTT, HENRY** | REG.NO.: **50540-083**    UNIT: **UNIT 5752** |
| Date of Incident Report: **01-21-2022** | Offense Code(s): **108** |
| Date of Incident: **01-21-2022** | |

Summary of Charges:
**108 -- POSSESSING A HAZARDOUS TOOL.**

*I never seen any Images of a cell phone.*

I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on **01-21-2022** at **0743 hrs** (by staff member) **T. BRATH**

B. The DHO Hearing was held on **02-03-2022** at **1042 hrs**
*WOW!*

C. The inmate was advised of the rights before the DHO by (staff member):
**G. Ruffin** on **01-25-2022**
and a copy of the advisement of rights form is attached.

D. Delay in Process **None**

II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative:  [Yes] **X**    [No] __

B. Inmate requested staff representative and
**NA**    appeared.

C. Staff Representative's Statement:
**NA**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
**NA**

E. Staff representative **NA**    was appointed.

III. PRESENTATION OF EVIDENCE

A. Inmate ( ) admits    ( **X** ) denies the charge(s).

B. Summary of Inmate Statement:
**At the onset of this hearing, the inmate was verbally advised of his Rights before the DHO, indicated he understood them and chose to provide the following statement: " I am not guilty."**

**No procedural issues were cited by the inmate and no documentary evidence was provided for consideration.**

| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** |
|---|---|

Dept. of Justice / Federal Bureau of Prisons

C. Witnesses

1. The inmate waived right to witnesses.  [Yes] X    [No] __

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
   **NA**

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
   **NA**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
   **NA**

D. Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:
   **Incident Report -- (BP-A288)**
   **Incident Report - Chain of Custody, Contraband -- (BOP-IRCCC)**
   **Inmate Rights at Discipline Hearing -- (BP-A293)**
   **Notice of Discipline Hearing Before the (DHO) -- (BP-A294)**
   **Incident Report - Staff Memorandums -- (BOP-IRMEM)**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
   **NA**

IV. FINDINGS OF THE DHO
   X  A. The act was committed as charged.    _ C. No prohibited act was committed:
   _  B. The following act was commmitted:       Expunge according to inmate discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)

Your due process rights were read, and reviewed with you by the DHO, at the time of your hearing. You stated you understood your rights, and had no documentary evidence to present. You did not request for the services of a staff representative. You did not request a witness to provide testimony on your behalf.

Based on the greater weight of evidence the DHO concluded the prohibited act of Possession of hazardous tool was committed. The DHO based his decision on the following evidence:

The DHO based this finding upon the reporting officer s written statement; On January 21, 2022, I, Officer Rego was assigned as East Compound OIC. At approximately 4:15 AM, compound officers and I were conducting breathalyzer tests in unit 5752. Upon entering the third floor of unit 5752 I observed an inmate exit an unknown room, I gave the inmate

348



**BP-A0304**  **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

a direct order to come to me to provide a random breathalyzer. The inmate, who was later identified as Scott, Henry reg number 50540-083, began to walk in the opposite direction. Inmate Scott began to run down the hallway away from me I was able to catch up him and located him in quiet room 350 attempting to hide under a table. As I entered the quiet room 350 inmate Scott attempted to toss a white cell phone but it hit my boot stopping him from disposing of the cell phone. I collected the cell phone that was in front of inmate Scott and conducted a pat search on him and discover a white cell phone charger in his pocket. Inmate Scott was placed in hand restraints and escorted to the Lieutenant's office. The Operations Lieutenant was notified. A breathe test was conducted on the inmate with negative results."

*[handwritten: He was not suppose to hand cuff me on the 3rd FL of in the Building]*

**VI. SANCTION OR ACTION TAKEN**

108 (FREQ 1) - DIS GCT 41 DAYS, 108 (FREQ 1) - DS 60 DAYS, 108 (FREQ 1) - LP COMM 400 DAYS

**VII. REASON FOR SANCTION OR ACTION TAKEN**

The action/behavior on the part of Possessing a hazardous tool significantly threatens the health, safety, and welfare of not only himself, but of all persons, whether another inmate or any other person, who are involved in the act. This will not be tolerated. Past evidence has shown that disruptive conduct has led to serious damage to the institution, as well as serious injury to staff and inmates involved and not involved in the disruptive conduct. The sanctions imposed by the DHO were taken to inform the inmate that he will be held responsible for his actions/behaviors at all times.

**VIII. APPEAL RIGHTS:** **X** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

**IX. Discipline Hearing Officer**

*[handwritten: 2-3-22 Premeditated]*

| Printed Name | Signature | Date |
|---|---|---|
| K. HAMPTON | K. HAMPTON | 03-09-2022 |

*[handwritten: Wed. WOW!!]*

**DHO Report Delivered to Inmate by:**

*[handwritten: How is it that i was desinated weeks before i was sanction?]*

| J. BOYD | J. BOYD | 03-16-2022 1030 hrs |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270       Replaces BP-304(52) of Jan 88

Henry Scott 50510-083
FCI FORT DIX - SHU
P.O. BOX 2000
JOINT BASE MDL, NJ
08640




RECEIVED MAR 25 2022

U.S. COURT HOUSE
7th Floor
Philadelphia, PA 19106


U.S.M.S. X-RAY


U.S.M.S. X-RAY